## Hackney Estate

*John Lamon, Jr.*, for accountant.

KLEIN, *A. J.*, October 23, 1974 — Lillie D. Hackney, also known as Lillie Desher Hackney, died on February 11, 1972, unmarried and without issue, leaving a will which was admitted to probate on February 28, 1972, when letters testamentary were granted. Proof of advertisement of notice thereof was produced to the auditing judge.

The terms of decedent's will need not be recited, as the estate is insolvent.

All parties in interest are stated to have received notice of this audit.

Credit is taken in the account for payment of inheritance tax in the sum of $144.70, and the same was duly vouched.

The statement of proposed distribution lists as admitted and as preferred the claim of Wildey Funeral Home for balance of decedent's funeral bill in the sum of $953, and the claim of Secretary, Department of Housing and Urban Development of

the United States of America for balance due on note dated April 3, 1970 in the sum of $2,225.22. The statement of proposed distribution also lists as admitted the claim of Mayo Nursing and Convalescent Home for nursing home services rendered to decedent from September 10, 1971, to November 7, 1971 in the sum of $1,292.40.

This is an insolvent estate. Since decedent died on February 11, 1972, section 622 of the Fiduciaries Act of April 18, 1949, P.L. 512, 20 P.S. §320.622, is applicable. This section has been re-enacted without change and is now section 3392 of the Probate, Estates and Fiduciaries Code of 1972, effective July 1, 1972. Section 622 of the Fiduciaries Act of 1949 provides as follows:

"Classification and order of payment

"If the applicable assets of the estate are insufficient to pay all proper charges and claims in full, the personal representative, subject to any preference given by law to claims due the United States, shall pay them in the following order, without priority as between claims of the same class:

"(1) The costs of administration.

"(2) The family exemption.

"(3) The costs of the decedent's funeral and burial, and the costs of medicines furnished to him within six months of his death, of medical or nursing services performed for him within that time, of hospital services including maintenance provided him within that time, and of services performed for him by any of his employes within that time.

"(4) The cost of a gravemarker.

"(5) Rents for the occupancy of the decedent's residence for six months immediately prior to his death.

"(6) All other claims, including claims by the Commonwealth."

The United States Revised Statutes §3466, 31 USC §191, provides:

"Section 191—Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all debts due from the deceased, the debts due to the United States shall be first satisfied."

It has been held that funeral expenses and expenses of administration are preferred over Federal debts. See Nicola's Estate, 89 Pitts. L. J. 55 (1941); Gobrecht's Estate, 47 D. & C. 134 (1943); Schwalm Estate, 89 D. & C. 88 (1953), 4 Fiduc. Rep. 126, 49 Schuyl. 153. Therefore, the payment of all of the administration expenses as set forth in the account, including executrix' commissions and counsel fee are confirmed, and the balance of decedent's funeral bill in the amount of $953 is awarded to Wildey Funeral Home.

The unsecured note dated April 3, 1970, signed by decedent during her lifetime, was payable to the United States of America. It has been held that a claim of the Small Business Administration was a claim of the United States entitled to preference under the United States Revised Statutes, section 3466, as mentioned previously. See Small Business Administration v. McClellan, 81 Supreme Ct. 191 (1960). The aforesaid section 3466 of the United States Revised Statutes applies to Reconstruction Finance Corporation under the Defense Production Act of 1950: In the Matter of Peoria Consol. Mfgrs., Inc. v. McCoy, 286 F. 2d 642 (1961). The amount due on a note payable to the Secretary of Agricul-

ture is a claim by the United States within the meaning of Revised Statutes, section 3466, in the payment of claims against an insolvent debtor. See United States v. Muntzing, 69 F. Supp. 503 (D. C. W. Va., 1946). See also Partridge-Remick, Pa. O. C. Practice, vol. 2, §16.01, page 279, et seq.; 2 Hunter O. C., Debts of Decedent, §§8 a, b, c, d, page 49, et seq.

Therefore, the claim of the Wildey Funeral Home will be awarded from the balance for distribution, and the remainder will be awarded to the Department of Housing and Urban Development on account of its claim referred to above. See Maier Estate, 79 D. & C. 351 (1952). No award can therefore be made to the Mayo Nursing and Convalescent Home for its claim in the sum of $1,292.40.

The account shows a balance for distribution, principal and income, composed of cash, of

$2,693.77

add additional debits shown
in the appearance slip of
counsel aggregating

68.83

making

$2,762.60

less additional credit requested in
the appearance slip of counsel

5.50

leaving

$2,757.10

from which there is awarded
to Wildey Funeral Home in
payment of its claim

953.00

leaving

$1,804.10

which, together with any further income or interest on deposits, is awarded to Secretary, Department of Housing and Urban Development on account of its claim referred to above.

Leave is granted to the accountant to make all transfers and assignments necessary to effect distribution in accordance with this adjudication.

And now, October 23, 1974, the account is confirmed nisi.